UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 23-cr-374** |
| | : | |
| v. | : | |
| | : | |
| **ANTYWON COSBY, also known as "Twon"** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial. The United States seeks detention pursuant to 18 U.S.C. § 3142(f)(1)(C) (Controlled Substance Offense with a Maximum Sentence of More Than Ten Years). In support thereof, the United States respectfully relies on the following points and authorities, as well as any other facts, arguments, and authorities that may be presented at the detention hearing.

**Introduction**

Defendant Antywon Cosby has been charged by indictment with one count of conspiracy to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C). Accordingly, a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(A) exists because there is probable cause to believe the defendant has committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ." The defendant's pretrial services report concludes that "no conditions or combination of conditions can

1

reasonably assure the defendant's appearance or safety to the community.  The United States is prepared to proceed to argument at the detention hearing scheduled on December 18, 2023, and, under the Bail Reform Act, may proceed by way of proffer.  *See*, *e.g., United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996); *United States v. Hong Vo*, 978 F. Supp. 2d 41, 42 (D.D.C. 2013). Pursuant to the facts, circumstances, and authorities presented herein, and any that may be submitted at a detention hearing, the United States respectfully submits that the defendant cannot overcome the statutory presumption and must be held pending trial to ensure the safety of the community.

## Factual Background and Procedural History

On the morning of January 28, 2022, medical personnel and the Metropolitan Police Department ("MPD") began responding to what can only be described as a mass casualty event involving approximately nine fatal overdoses and five non-fatal drug overdoses, all occurring in and around the same area of Southwest, Washington D.C.  From the scene of several of the overdoses, agents recovered similar small, colored, plastic capsules of suspected drug residue or narcotics.  Preliminary testing of some of these capsules indicated the presence of butryl fentanyl and cocaine, while a DEA confirmatory lab test indicated the presence of Para-Flurofentanyl and cocaine in at least four capsules.

Based on the tight geographical cluster of the overdoses, the short time between the overdoses, and the similar capsules found on several overdose scenes, MPD suspected that all of the drugs were distributed from the same supplier or suppliers operating from Southwest, Washington D.C.  Law enforcement subsequently identified two individuals involved in supplying the drugs that led to the mass overdose event of January 28, 2022: Sheldon Marbley

("Marbley") and Shameka Hayes ("Hayes"), who have both been indicted on related charges.[1] During the course of this investigation, which remains ongoing, law enforcement identified the defendant as one supplier of narcotics to Marbley and Hayes.

On or about October 26, 2023, the defendant was indicted on one count of conspiracy to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of Title 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). On December 13, 2023, the defendant was arrested and arraigned before Magistrate Judge Robin M. Meriweather. The United States requested detention pursuant to 18 U.S.C. § 3142(f)(1)(C) and a detention hearing was scheduled for December 18, 2023.

## ARGUMENT

The United States respectfully submits that there are no conditions or combination of conditions that would assure the safety of the community. The Bail Reform Act, Section 3142(e), which authorizes detention without bail pending trial, states:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

Factors to be considered include

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person . . .

---

[1] *See United States v. Marbley and Hayes*, 1:22-CR-00093 (CRC). Marbley has pled guilty and is currently scheduled for sentencing on January 9, 2024.

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

In this case, because probable cause has been established that the defendant participated in a narcotics conspiracy, an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, *see* 21 U.S.C. § 841(b)(1)(C), the statutory presumption favoring detention applies and operates to compel the defendant's pretrial detention, unless and until the defendant presents evidence to rebut it. *See* 18 U.S.C. § 3142(e) ("it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community"). Even when a defendant presents evidence to attempt rebuttal of the presumption, the presumption "remains a factor for consideration by the district court in determining whether to release or detain." Under the facts at issue here, the defendant cannot overcome this presumption.

## I.  Nature and Circumstances of the Offense Charged

The United States respectfully submits that the nature and circumstances of the charged offense weigh in favor of detention. It should be noted that the defendant has not been charged for his conduct as part of a single or isolated incident; rather, he is charged here as a result of his involvement in a narcotics distribution conspiracy that continued from at least approximately June 2021 through March 2022. Nor does it appear that his involvement in the conspiracy was somehow minor or isolated. Indeed, nothing suggests that the defendant is a low-level street dealer simply caught up and charged here as part of some larger conspiracy. On the contrary and as briefly mentioned above, the investigation, which remains ongoing, identified the defendant as *the source of supply* to such dealers and indicates that he supplied approximately an ounce of

powder cocaine, valued at approximately $1500 - $1800, on multiple occasions.

## II.     Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also supports detention. Cell phone records reflect that substantial contact occurred between the defendant and Marbley, including on the day of the mass overdose event that occurred on January 28, 2022.  To be clear, the defendant is not charged here for any role he may have played as the source of supply for the narcotics that caused the mass overdose event.  It must be noted here, however, that the investigation into the source of those narcotics, which remains ongoing, has uncovered evidence indicating that the defendant is responsible for supplying those narcotics.[2]  This includes cellsite evidence indicating that the defendant met with Marbley the night before the mass overdose event.

## III.    Defendant's History and Characteristics

The United States respectfully submits that the third factor, the history and characteristics of the defendant, similarly weighs in favor of detention.  This Court considers, among other factors, "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history." *United States v. Taylor*, 289 F. Supp. 3d 55, 69 (D.D.C. 2018).  This Court in considering pretrial detention "may also consider prior arrests or charges brought against a defendant, even when those actions did not result in convictions."  *See id.* at 70.

Based on the Pretrial Services Report, the defendant appears to have an extensive arrest

---

[2] The United States will be prepared to proffer additional information as necessary at the detention hearing on December 18, 2023.

5

history – *fifteen* prior arrests – as well as a prior bench warrant, which was quashed. Although his criminal history is not recent, the nature of his prior convictions is very concerning. All of his prior convictions are narcotics related and, even more troubling, two of those convictions are also related to distribution of cocaine – *the very same conduct at issue in this case*. In addition, one of those convictions involved unlawful possession of a firearm by a prohibited person – conduct which is not only associated with narcotics trafficking but also demonstrates clearly that the defendant's disregard for the law is not limited to the distribution and possession of narcotics. In sum, given his prior convictions, the nature of those convictions, and his extensive arrest history, the United States respectfully submits that the defendant's history and characteristics weigh in favor of detention.

## IV.   Danger to the Community

As previously stated, the defendant is charged here with his involvement in a narcotics conspiracy that occurred over a period of time and that involved repeat sales of approximately an ounce of cocaine at a time. Moreover, the underlying investigation stems from a mass overdose event involving approximately nine fatal overdoses and five non-fatal drug overdoses, an event for which the defendant's involvement and role remains under investigation. Additionally, the defendant's prior convictions, as well as the period of time covered, indicate that the defendant is a repeat narcotics trafficker who has yet to be deterred.

As noted above, there is a rebuttable presumption in favor of detention, and the facts here demonstrate the reason such a presumption exist: the very real, immediate danger posed to the community through narcotics distribution. Accordingly, the United States respectfully submits that no conditions, or combination of conditions, can sufficiently mitigate the danger posed to the

public by the defendant's release.

## CONCLUSION

The Court should grant the government's motion to detain the defendant pending trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By: */s/ Andrea Duvall*
ANDREA DUVALL
Assistant United States Attorney
AR Bar Number 2013114
United States Attorney's Office
601 D. Street NW
Washington, D.C.   20530
Telephone: 202-252-7277
Email: andrea.duvalll@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2023, I caused a copy of the foregoing motion to be served on counsel of record via email.

*/s/ Andrea Duvall*
ANDREA DUVALL
Assistant United States Attorney
